DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Norwalk Municipal Court. It comes before the court on counsel's motion to withdraw as counsel on appeal, the Anders brief in support thereof, and appellant's pro se brief. The facts of this case are as follows.
On August 10, 1999, a complaint was filed charging appellant, Harold W. Harkness, with sexual imposition, a first degree misdemeanor and a violation of R.C. 2907.06(A)(1). A trial commenced on September 22, 1999. Jennifer Booher testified that in the early morning hours of August 10, 1999, she was spending the night at her fiancé's parents' house. Specifically, she was sleeping in an outside camper owned by the Dellinger family. She was awakened when the lights came on inside the camper. Booher testified that a man entered the camper and climbed on top of her. As he forcibly held her hands to her side, he fondled her while she was crying. Booher testified that the man stopped when her friends, Brian Smith and Linda Edington, walked into the camper. At trial, Booher identified appellant as the man who had fondled her.
Brian Smith testified that before August 10, 1999, he had seen appellant at the Dellinger home but he did not know appellant's name. In the early morning hours of August 10, 1999, Smith testified he saw appellant at the Dellinger home. He heard appellant state that he was going to look for his sunglasses in the camper. Minutes later, Smith went outside and saw that the door to the camper was slightly open. Smith testified that as he walked towards the camper, he was joined by his friend, Linda Edington. Smith opened the camper door and looked inside. Smith testified he saw appellant getting off of Jennifer Booher. Smith testified that appellant raised his arms and announced "[H]ey, I didn't do anything." Harkness promptly left the camper leaving Smith and Edington to attend to a shaking and crying Jennifer Booher.
Linda Edington testified that in the early morning hours of August 10, 1999, she heard appellant say he was going to look for his sunglasses in the camper. Edington testified she went back to the camper because she was worried about Booher. Edington testified that she found appellant in the camper and Booher crying.
Appellant testified he went to the camper to look for his sunglasses. He testified that when he opened the door he startled Jennifer Booher. He then asked her if she wanted to drink a few beers with him. At that point, Smith and Edington arrived. Appellant testified there was no physical contact between himself and Booher.
On September 22, 1999, a jury found appellant guilty as charged. He was sentenced to sixty days in jail.
Appellant's appointed counsel has submitted a motion to withdraw as counsel on appeal pursuant to Anders v. California
(1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. In support of his request, and pursuant to the guidelines set forth inAnders, appellant's counsel asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. In his brief, however, counsel for appellant has raised the following potential assignments of error:
 "I. THE RECORD FAILS TO REFLECT THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT THE CONVICTION OF SEXUAL IMPOSITION.
 "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN CHASTISING THE DEFENDANT BEFORE THE JURY WHEN THE DEFENDANT TESTIFIED ON HIS OWN BEHALF.
 "III. THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appointed counsel for appellant has submitted to this court a motion for leave to withdraw as counsel for appellant for want of a meritorious, appealable issue, pursuant to the constitutional guidelines established in Anders v. California
(1967), 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. See, also,State v. Duncan (1978), 57 Ohio App.2d 93, 385 N.E.2d 323. TheAnders case set forth procedures with which appointed appellate counsel must comply for the appellate court to consider a motion to withdraw as counsel. Counsel must (1) advise the court and request permission to withdraw if an appeal is deemed wholly frivolous; (2) submit a brief which indicates anything in the record which might arguably support an appeal; and (3) furnish a copy of the brief to the indigent, who must then be given time to raise any point which he chooses. Counsel has met these requirements.
In his first and third proposed assignments of error, appellant contends that appellant's verdict is against the sufficiency of the evidence and the manifest weight of the evidence.
The elements of sexual imposition, a violation of R.C.2907.06, are as follows:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 "(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard."
"Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997),78 Ohio St.3d 380, 387 citing Black's Law Dictionary (6 Ed. 1990) 1433. A determination as to "whether the evidence is legally sufficient to sustain a verdict is a question of law." Thompkins,supra, at 386. The relevant inquiry on review of the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307. A reversal based on insufficient evidence has the same effect as a not guilty verdict (and thus precludes retrial) because such a determination "means that no rational factfinder could have voted to convict the defendant." Tibbs v. Florida (1982), 457 U.S. 31.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Thompkins, supra at 387, quoting Black's Law Dictionary,supra at 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 21, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial.Id.
The state in this case presented evidence that appellant entered the camper, uninvited, and engaged in sexual contact with Booher that was offensive to her. Booher herself as well as Smith and Edington testified that Booher was extremely distraught as a result of her encounter with appellant. Appellant testified that he merely offered Booher beer. Based on the testimony of Booher, as well as the testimony of Smith and Edington, we conclude that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Moreover, there is nothing in the record which compels this court to conclude that the jury lost its way and created such a manifest miscarriage of justice that would require a new trial. Accordingly, appellant's first and third proposed assignments of error are found not well-taken.
In his second proposed assignment of error, appellant contends the court committed prejudicial error in instructing appellant, while he was on the stand, that he could not testify to statements made by other people.
R.C. 2945.03 provides that "the judge of the trial court shall control all proceedings during a criminal trial, and shall limit the introduction of evidence and the argument of counsel to relevant and material matters with a view to expeditious and effective ascertainment of the truth regarding the matters in issue." It follows that the court was within its discretion in instructing a witness on his hearsay testimony. Accordingly, appellant's second proposed assignment of error is found not well-taken.
Upon review of the entire record of proceedings in the trial court, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Norwalk Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
James R. Sherck, J., Mark L. Pietrykowski, J.,George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.